UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE T. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00524-SEP |
| | ) |
| DEPARTMENT OF JUSTICE SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Andre T. Ware's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3]. For the reasons set forth below, the motion is granted. Plaintiff is also ordered to file an amended complaint as instructed below.

### INITIAL PARTIAL FILING FEE

An inmate bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If he has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of the Complaint. The account indicates an average monthly deposit of $22.60. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.52.

### FACTS AND BACKGROUND

Plaintiff, a pretrial detainee at the St. Louis County Detention Center, filed the Complaint under 42 U.S.C. § 1983 against the St. Louis County Department of Justice Service and "Officer Jordan," a corrections officer in the Department of Justice Services. Plaintiff brings claims against Officer Jordan in his individual and official capacities, seeking monetary damages.

The Complaint alleges that Plaintiff suffered a number of harms during his confinement at the St. Louis County Justice Center from May 18, 2023, until March 16, 2024. It includes numerous allegations including, among other things, that Plaintiff was denied access to a tablet and the news, that the Justice Center failed to respond to his grievances, that he was denied access to courts, and that he was placed in restraint chairs for no valid reason. Doc. [1] at 3. Against Officer Jordan specifically, Plaintiff alleges that, whenever Jordan was working, Plaintiff was not allowed out of his cell for recreation. *Id*.

Plaintiff has attached to the Complaint approximately 80 pages of grievance documents indicating that he has had a history of resisting lockdown attempts at the Justice Center over the last year. On several occasions, Plaintiff has been reported for breaking his sprinkler head in his cell, flooding his cell, misusing his call button, holding his food port, being disrespectful to staff, refusing to lockdown, and damaging Detention Center property.

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to "assume facts that are not alleged," *Stone*, 364 F.3d at 914-15, or interpret procedural rules to "excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

DISCUSSION

## I. Deficiencies in the Complaint

The Complaint suffers from several deficiencies. To begin with, the Department of Justice Services is not a suable entity. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (county jail and sheriff's department are not suable entities). Plaintiff also indicates that he is suing Officer Jordan in both his official and individual capacities. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Complaint contains no allegations of a policy or custom of unconstitutional action, as would be required to hold Clayton, Missouri, or St. Louis County liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Therefore, the Complaint fails to state a claim against the Department of Justice Services or Officer Jordan in his official capacity.

The Complaint is also deficient because it joins multiple defendants in claims that do not arise from the same transaction or occurrence. "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). But when multiple defendants are named, joinder must meet the standard set out in Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action if he asserts a right to relief against them that arises from the "same transaction, occurrence, or series of transactions or occurrences" and the claims present "question of law or fact common to all

3

defendants." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In cases filed by non-prisoners, that requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed *in forma pauperis* by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, because the Prison Litigation Reform Act limits the number of frivolous suits or appeals a prisoner may bring *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Many of Plaintiff's claims belong in separate suits. The Complaint includes allegations of First Amendment violations including the denial of his right to access to courts and opening his legal mail; Eighth Amendment violations including unconstitutional conditions of confinement and deliberate indifference to serious medical needs; and Fourth Amendment claims for false imprisonment. Such claims are unrelated and cannot be brought in the same lawsuit.

Misjoinder of parties is not grounds for dismissing an action, but a Court may, on its own, drop parties or sever any claim against a party to remedy the misjoinder. *See* Fed. R. Civ. P. 21. In consideration of Plaintiff's pro se status, the Court will give Plaintiff the opportunity to file an amended complaint.

## II.      Instructions for Amending the Complaint

The amended complaint will replace the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). In the "Caption" section of the form, Plaintiff should write the name of the defendant(s) he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff should name someone as a defendant only if that person is directly related to his claim, and he must specify the capacity in which he sues each defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under a defendant's name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's allegations must be simple, concise, and direct. Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims as the case proceeds.

4

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). But if Plaintiff names more than one defendant, he may include in the same lawsuit only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'") (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir.1999)). The "Statement of Claim" also requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

### III.  Plaintiff's Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel, which is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id*. (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips*, 437 F.3d at 794).

There is no indication that Plaintiff is incapable of representing himself, and nothing in the record so far indicates that the factual or legal issues are particularly complex. No defendant has been served with process, and discovery has not begun, so there is no conflicting testimony.

But because circumstances may change, the motion is denied without prejudice. The Court will consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $4.52. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** without prejudice.

Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

Dated this 13th day of June, 2024.

SARAH E. PITLYK  
UNITED STATES DISTRICT JUDGE